JORGE ROMANY, JUAN PEDROSA ET ALS., peticionarios, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

Núm. 1185.—*Sometido:* Junio 19, 1939. *Resuelto:* Julio 29, 1939.

*Dubón & Ochoteco,* abogados de los peticionarios; *Leopoldo Felíu,* abogado de la interventora, Las Monjas Racing Corporation, demandante en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En el caso civil número 26,619, seguido ante la Corte de Distrito de San Juan por Las Monjas Racing Corporation contra Arandes & Grovas, Fausto E. Arandes y Francisco Grovas, se solicitó un auto de *injunction* perpetuo contra los demandados. Se dictó una orden de entredicho mientras se resolvía sobre la procedencia del *injunction* preliminar. Los demandados solicitaron se dejase sin efecto la orden de entredicho, a lo cual accedió la corte mediante la fianza que el 12 de enero de 1937, para garantizar los perjuicios que se irrogaren a la demandante, suscribieron los aquí peticionarios Jorge Romany y Juan Pedrosa. El 18 de marzo de 1937 se denegó la petición de *injunction* preliminar, pero más tarde, el 14 de marzo de 1938, se dictó sentencia decretando el *injunction* perpetuo solicitado por la demandante. Firme la sentencia que decretó el *injunction* perpetuo, la demandante radicó una moción, con fecha 15 de septiembre de 1938, titulada "Moción para examinar a los demandados y sus fiadores sobre su solvencia, etc.", cuya súplica literalmente dice así:

"Por lo expuesto la demandante solicita respetuosamente de esta Corte se sirva la misma librar una orden dirigida a los ameritados demandados y fiadores, requiriéndoles para que comparezcan ante la misma, en la fecha que en tal orden se fije, para ser examinados en relación con la solvencia de los mismos al otorgar dicha fianza y en esta fecha y que celebrada dicha vista y oídos dichos demandados y fiadores, se ordene a dichos demandados el que inmediatamente procedan a otorgar y otorguen una buena y suficiente fianza con fiadores solventes y que reúnan las condiciones económicas que se requieren para tales casos, conteniendo tal fianza las mismas condiciones y otorgándose ella en los mismos términos que la que se deja mencionada, retrotrayendo tal fianza en todos sus efectos y obligaciones al día 12 de enero de 1937, sustituyendo esta nueva fianza a la anterior, todo ello sin perjuicio de que se proceda en este caso por esta Corte de acuerdo con las resultancias de dicha audiencia y de la evidencia que a la misma se aporte por las partes."

Proveyendo dicha moción la corte dictó la siguiente orden:

"Vista la moción jurada radicada en este caso y examinados los autos del mismo, se ordena por la presente que los demandados Fausto E. Arandes, Francisco Grovas, Arandes & Grovas, y Deogracias Viera, y sus fiadores Jorge Romany y Juan Pedrosa, comparezcan en esta Corte el día 27 de septiembre de 1938, a las 9 de su mañana, para ser examinados en relación con su solvencia económica al otorgar la fianza que radicaron en esta Corte y se aprobó por la misma en enero 12 de 1937, a favor de la demandante en este caso, fianza que aparece prestada a virtud y en cumplimiento de una orden dictada por esta misma Corte y en este mismo caso, en enero 12 de 1937, dejando sin efecto otra de entredicho que se había dictado contra dichos demandados, todo ello a fin de que esta Corte pueda resolver lo que proceda en relación con la ameritada moción o solicitud de la demandante, copia de la cual se ordena sea entregada a dichos demandados y fiadores al ser notificados de esta orden, lo que se hará por el márshal de esta Corte, mediante el oportuno mandamiento que se librará por el Secretario."

En la corte inferior solicitaron los aquí peticionarios se dejara sin efecto la transcrita orden, y luego de oír a las partes, la corte desestimó la moción de los peticionarios, quedando en vigor la orden anteriormente transcrita.

El 3 de junio de 1939 radicaron los peticionarios este recurso de *certiorari,* interesando que anulemos y dejemos sin efecto la referida orden de 15 de septiembre de 1938.

Sostienen los peticionarios que habiendo ellos prestado la fianza para dejar sin efecto la orden de entredicho mientras se resolvía el *injunction* preliminar, al denegarse éste, la responsabilidad de la fianza quedó extinguida, cesando su responsabilidad, y que siendo así, la corte carece de facultad para exigirles que justifiquen su solvencia.

Los peticionarios argumentan su caso como si la orden de la corte estuviese concebida en los mismos términos en que lo está la súplica de la moción de la demandante que anteriormente hemos transcrito. Sin embargo, la orden impugnada se limita exclusivamente a citar a los demandados y a los fiadores peticionarios *"para ser examinados en rela-*

*ción con su solvencia económica al otorgar la fianza* que radicaron . . . y se aprobó el 12 de enero de 1937."

Habiéndose decretado finalmente el *injunction* perpetuo, es evidente que la fianza que prestaron los peticionarios, si bien dejó de responder de los daños que pudieran haberse causado después de denegado el *injunction* preliminar, no hay duda que responde y sigue respondiendo de los que se hubieran causado desde que se levantó y dejó sin efecto la orden de entredicho hasta que se denegó el *injunction* preliminar. Siendo ello así, la corte actuó dentro de su jurisdicción al ordenar como ordenó que los fiadores probasen su solvencia económica *en la fecha en que prestaron la ameritada fianza.*

*Por lo expuesto, procede anular el auto expedido.*

El Juez Asociado Sr. Travieso no intervino.